IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,214






EX PARTE RAUL ALFRED CANTU, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 1017769-A IN THE 337TH JUDICIAL DISTRICT COURT, 

HARRIS COUNTY





 Per curiam.


O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this
Court by the clerk of the trial court pursuant to the provisions of Article 11.07 of the
Texas Code of Criminal Procedure. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App.
1967). Applicant pleaded guilty to possession of cocaine in an amount of less than one
gram, and was sentenced to six months' confinement in state jail. Applicant did not
appeal this conviction.

 At the time of Applicant's plea, the substance alleged to be cocaine had not yet
been tested by the crime lab, although a field test conducted at the time of Applicant's
arrest had resulted in a "positive" for cocaine. Applicant had been previously convicted
of two felonies, and would have been subject to punishment for a second-degree felony if
he had not accepted the State's plea offer. 

 In this writ, Applicant raises a claim of actual innocence. The prosecuting attorney
has provided an affidavit, stating that the substance thought to be cocaine was tested some
time after Applicant's plea by the Houston Police Department Crime Laboratory, and was
found to contain no controlled substances. 

 The trial court has entered findings of fact and conclusions of law, recommending
that Applicant be granted a new trial. The court finds, inter alia, that "Applicant has
shown by clear and convincing evidence that a jury would acquit him based upon the
newly discovered evidence that the substance he possessed did not contain any controlled
substance." We take this finding to mean that the court has fully considered the
significance of Applicant's guilty plea, weighed that circumstance against the newly
discovered evidence, and determined that in light of that new evidence no reasonable jury
would have convicted him. See Ex parte Tuley, 109 S.W.3d 388, 393 (Tex. Crim. App.
2002); Ex parte Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). 

 Relief is granted. The judgment and sentence in cause no. 1017769-A, from the
337th Judicial District Court of Harris County is vacated, and the Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, is ordered to return
the applicant to the custody of the Sheriff of Harris County so that he may answer the
charges against him. 

DELIVERED: July 27, 2005

DO NOT PUBLISH